# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **COREY GREENE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 3:19-cv-00711 |
| | ) |
| **DAVIDSON COUNTY SHERIFF'S** | ) |
| **OFFICE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Corey Greene, a *pro se* Tennessee resident, filed this civil rights action under 42 U.S.C. § 1983 while he was incarcerated at the Davidson County Sheriff's Office in Nashville, Tennessee. The Complaint names three Defendants: the Davidson County Sheriff's Office, Corporal Brian Eichstaedt, and Case Manager Hindsley. (Doc. No. 1 at 1–3.) Plaintiff also filed an application to proceed in this Court without prepaying fees and costs (Doc. No. 13) and a motion to amend the Complaint (Doc. No. 14). The Complaint is before the Court for an initial review.

## I.   Application to Proceed as a Pauper

The Court may authorize a person to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). It appears from Plaintiff's application to proceed as a pauper that he cannot pay the full filing fee in advance. Accordingly, Plaintiff's application (Doc. No. 13) is **GRANTED**.

## II.  Motion to Amend

A party may amend its pleading once as a matter of course within 21 days after the pleading is served or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). At this early stage of the proceedings, neither event has occurred. Plaintiff's motion to amend the

Complaint (Doc. No. 14) is therefore **GRANTED**, and the Court will consider the original Complaint and amendment collectively for the purpose of conducting this review.

## III. Initial Review

The Court must dismiss any action filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also construe a *pro se* complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)), and accept the factual allegations as true unless they are entirely without credibility. Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiff alleges that, on July 2, 2018, Davidson County Sheriff's Office ("DCSO") staff "used excessive force against [him] repeatedly for no reason." (Doc. No. 1 at 6.) On July 4, 2019,[1] Plaintiff alleges, Corporal Eichstaedt and Corporal Lane refused to give him a food tray. (Id.) Plaintiff also alleges that on four days—April 16, April 25, July 9, and July 29, 2019[2]—he asked Case Manager Hindsley for religious and legal materials, and Hindsley either denied Plaintiff's requests or ignored him. (Id.) And in April, May, June, and July 2019, Plaintiff allegedly experienced discrimination based on his religion and race. (Id.)

Plaintiff also alleges that he "was maced and forced to a Mental Health and they have been trying to force medications upon [him]." (Id.) He alleges that he has been "harassed about signing

---

[1] Plaintiff does not specify the year this alleged incident took place. Based on Plaintiff's other allegation that he experienced discrimination in April, May, June, and July 2019 (Doc. No. 1 at 6), however, the Court assumes that the alleged food-tray incident occurred in 2019 as well.

[2] Plaintiff again fails to specify the year in which these alleged incidents occurred, but the Court assumes that the year was 2019 for the reasons stated in the first footnote.

Power of Attorney as well as other paperwork with [his] SSI number on [it]." (Id.) If Plaintiff declined, he alleges, he was "locked in [his] cell for days or withheld food or spit and hairs in [his] trays." (Id.) Plaintiff also alleges that his "cell doors [were] open[ed] and [he was] interrupted while praying." (Id.)

Plaintiff submitted the motion to amend after his release from incarceration. In it, Plaintiff alleges that he is "being forced into homelessness and without [a] job unless Mental Health and Disability is chosen on [his] behalf." (Doc. No. 14 at 1.) He also alleges that this lawsuit is "isolat[ing him] from family and friends" by "forc[ing him] to seek help only from government officials." (Id.) As relief, Plaintiff request monetary damages (id.; Doc. No. 1 at 7) and the Defendants' resignation (Doc. No. 1 at 7).

**B.     Standard of Review**

To determine whether a complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). Additionally, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

C. **Discussion**

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citing Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010)). Here, this action will be dismissed because Plaintiff fails to state a claim against all three Defendants.

1. **Davidson County Sheriff's Office**

First, Plaintiff fails to state a claim against the Davidson County Sheriff's Office ("DCSO") because it is a jail facility, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." McIntosh v. Camp Brighton, No. 14–CV–11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases). While the Court may construe Plaintiff's reference to DCSO as an attempt to impose liability on Davidson County itself, doing so would be futile in this case. To state a claim against Davidson County, Plaintiff must allege that he "suffered a constitutional violation" and that the County's "policy or custom directly caused the violation." Hadrick v. City of Detroit, Mich., 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978)). Here, Plaintiff does not allege that any of the misconduct he experienced was due to a policy or custom of Davidson County. Plaintiff, therefore, fails to state a claim against Davidson County, and DCSO will be dismissed as a party.

2. **Case Manager Hindsley**

Second, as to Case Manager Hindsley, Plaintiff checked a box on the Complaint form that he brings this action against Hindsley in Hindsley's official capacity only. (Doc. No. 1 at 3.) Hindsley is alleged to be an employee of the Davidson County Sheriff's Office. Because

4

"individuals sued in their official capacities stand in the shoes of the entity they represent," Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)), Plaintiff's claims against Hindsley are essentially claims against Davidson County. And as explained above, Plaintiff fails to state to a claim against the County. Plaintiff's official capacity claim against Hindsley is subject to dismissal for this same reason.

Even if the Court were to consider any individual capacity claim against Hindsley, moreover, Plaintiff would still fail to state a claim. Plaintiff alleges that Hindsley denied or ignored his requests for religious and legal materials on four occasions in April and July 2019. The First Amendment protects prisoners' "right to the free exercise of their religion," Hayes v. Tennessee, 424 F. App'x 546, 549 (6th Cir. 2011) (citing Walker v. Mintzes, 771 F.3d 920, 929 (6th Cir. 1985)), and their "right of access to the courts." Whiteside v. Parrish, 387 F. App'x 608, 613 (6th Cir. 2010) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). But Plaintiff does not provide any factual allegations to explain, for instance, what religious belief or practice Hindsley interfered with, what materials Plaintiff requested, or what legal proceeding was affected by Hindsley's actions. See Maye v. Klee, 915 F.3d 1076, 1083 (6th Cir. 2019) (quoting Kent v. Johnson, 821 F.2d 1220, 1224 (6th Cir. 1987)) ("In any free exercise claim, the first question is whether 'the belief or practice asserted is religious in the [plaintiff's] own scheme of things' and is 'sincerely held.'"); Brown v. Matauszak, 415 F. App'x 608, 612 (6th Cir. 2011) (explaining that "a claim for denial of access to the court" requires a plaintiff to allege "law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost"). Without sufficient supporting facts, Plaintiff's assertion that Hindsley violated his constitutional rights is conclusory. Thus, Plaintiff has no basis to proceed against Hindsley in this action.

### 3. Corporal Eichstaedt

Third, Plaintiff brings this action against Corporal Eichstaedt in his individual capacity, and alleges that Eichstaedt, along with another DCSO employee, refused to give him a food tray on one occasion. The Eighth Amendment imposes a duty on prison officials to "ensure that inmates receive adequate food," Farmer v. Brennan, 511 U.S. 825, 832–33 (1994), but "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Richmond v. Settles, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987)). The objective component of this Eighth Amendment claim "requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). And here, Plaintiff alleges that Eichstaedt deprived him of only one meal, and Plaintiff does not allege that his health suffered in any way as a result of this deprivation. "[T]he withholding of meals, while it may result in some discomfort to the prisoner, does not result in a health risk to the prisoner sufficient to qualify as a 'wanton infliction of pain' where the prisoner continues to receive adequate nutrition." Id. at 456 (citing Cunningham v. Jones, 667 F.2d 565, 566 (6th Cir. 1982)) (finding that the "deprivation of seven meals" over "six days on Behavioral Management does not rise to the level of an Eighth Amendment violation"). Plaintiff, accordingly, fails to state a claim against Defendant Eichstaedt.

### 4. Remaining Allegations

Plaintiff's remaining allegations are also insufficient to state a claim. Some of these allegations are conclusory assertions without meaningful factual support—including that DCSO staff used excessive force against Plaintiff "repeatedly for no reason" on July 2, 2018, and that

6

Plaintiff experienced unspecified religious and racial discrimination in April, May, June, and July 2019. Even under the liberal standards for evaluating *pro se* complaints, that is not enough to proceed past the initial screening stage. See Gilmore v. Corr. Corp. of. Am., 92 F. App'x 188, 190 (6th Cir. 2004) (citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)) ("A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory.").

Other allegations go beyond mere assertions of legal liability, but still do not include enough factual support to state a claim for relief. That is, Plaintiff alleges that he "was maced," that someone "tr[ied] to force medications upon [him]," that he was harassed about signing paperwork, that he was "locked in [his] cell for days or withheld food or spit and hairs in [his] trays," and that he was interrupted while praying. But Plaintiff does not explain when these alleged incidents occurred, what the context of these incidents was, or how any specific Defendant was involved the incidents. And "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under [Section] 1983." Id. (citing Flagg Bros. v. Brooks, 436 U.S. 149, 155–57 (1978)) (affirming dismissal of prisoner's complaint on initial review where the plaintiff "did not allege how any [particular defendants] were involved in the violation of his rights").

Finally, Plaintiff's post-incarceration amendment does not alter the Court's conclusion that Plaintiff fails to state a claim. There, Plaintiff simply describes the difficult circumstances he has faced after his release. These circumstances, while unfortunate, do not transform Plaintiff's previous allegations into viable claims.

**IV.    Conclusion**

For the reasons explained above, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). The Court also **CERTIFIES** that an appeal in this matter would not be taken in good faith, so Plaintiff will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

This dismissal is without prejudice to Plaintiff's ability to file an amended complaint if he can allege sufficient facts to state a claim in light of the standards explained above. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); Brown, 415 F. App'x at 614 (internal quotation marks and citation omitted) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE